941 F.2d 1213
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mansur Abdul HABIL, Naeima Mohammed El Eman, and Ahmed
Mansur Habil, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9502.
 United States Court of Appeals, Tenth Circuit.
 Aug. 21, 1991.
 
 ORDER AND JUDGMENT*
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On September 12, 1988, the petitioners appealed to the Board of Immigration Appeals (BIA) the Immigration Judge's (IJ) order denying asylum and finding them deportable. The petitioners' counsel filed a notice of appearance in conjunction with the notice of appeal. On April 27, 1990, petitioners' counsel filed a motion to withdraw because she could not contact them. The Immigration Judge denied this motion because it did not specify what actions counsel had taken to contact the petitioners and the certificate of service did not indicate the motion had been forwarded to their last known address.
 
 
 3
 On October 4, 1990, the BIA dismissed the petitioners' appeal as abandoned for failure to provide an address at which a decision on the merits could be served effectively. This order also granted counsel's motion to withdraw once she had received the order on their behalf. The petitioners timely filed an appeal in this court from the dismissal of their administrative appeal invoking our jurisdiction under 8 U.S.C. § 1105a(a).
 
 
 4
 The record adequately supports the BIA's dismissal. The petitioners' counsel moved to withdraw claiming she could not contact them. The petitioners are bound by their counsel's representations to the agency.[1] See, e.g., United States v. Johnson, 752 F.2d 206, 210-11 (6th Cir.1985). After counsel's representation that they could not be contacted, the BIA waited five months before dismissing their appeal. In this time period, the petitioners did not contact either the agency or their counsel. The record does not indicate they ever filed a brief with the BIA, although the agency extended the filing deadline for this brief until May 2, 1990. Under these circumstances, it was reasonable for the BIA to conclude the petitioners had abandoned their appeal. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 We cannot review the petitioners' affidavits that allegedly show they were at the address filed with the agency and with their counsel because this evidence is not part of the record on which the BIA based its decision. See 8 U.S.C. § 1105a(a). As the respondents note, the petitioners may introduce this material only via a motion to reopen and reconsider to the BIA. See 8 C.F.R. §§ 3.2, 3.8